## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Justin Henry, | ) | |
| Plaintiff | ) | Case No. |
| vs. | ) | |
| Seterus, Inc., | ) | **JURY DEMANDED** |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Justin Henry ("Plaintiff"), by and through his attorneys,

Egan & Alaily LLC, complaining of Seterus, Inc. ("Defendant") as follows:

### I.    NATURE OF ACTION

1.    Plaintiff brings this action for violations of the Fair Credit Reporting Act

("FCRA") pursuant to 15 U.S.C. §1681.

### II.    JURISDICTION AND VENUE

2.    Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and

1337.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1339 as the Plaintiff resides

in this District and the Defendants' conduct harmed the Plaintiff in this District.

### III.    PARTIES

4.    Plaintiff is a consumer, as defined by 15 U.S.C. §1681a(c), and natural person

over 18-years-of-age who at all times relevant owned the property located at 39111 Welsh Lane,

Beach Park, IL 60083 (the "Property").

5.    Defendant is a Delaware corporation with its corporate headquarters at 14523 SW

Millikan Way, Beaverton, OR 97005. Seterus services residential mortgage loans in the State of

Illinois and throughout the United States.

## IV.    FACTUAL ALLEGATIONS

### i.  Mortgage Foreclosure Case and Resolution

6.      On March 9, 2012, Plaintiff executed a mortgage on the Property in favor of JP

Morgan Chase Bank, N.A. which secured a Note ("Note") in the original principal amount of

$170,644.00.

7.      Effective April 1, 2015, the servicing of the Mortgage and Note was transferred to

Seterus, Inc.

8.      On July 24, 2015, a complaint to foreclose the mortgage on the Property was filed

in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, styled as Federal

National Mortgage Association ("FNMA") v. Justin J. Henry, et al, 15 CH 1353.

9.      As servicer of the Note and Mortgage held by FNMA, Defendant was an agent of

FNMA.

10.     On April 27, 2016, pursuant to a settlement agreement, Plaintiff executed a

Warranty Deed in Lieu of Foreclosure ("Deed in Lieu"), subject to the provisions of 735 ILCS

5/15-1401.  (A true and correct copy of the Deed in Lieu is attached hereto as Exhibit A, and

incorporated by reference herein).

11.     Contemporaneously with the Deed in Lieu, Plaintiff executed a settlement

agreement and other ancillary documents required by FNMA to consummate the settlement.

12.     The Deed in Lieu, Settlement Agreement, and ancillary documents were delivered

to and received by Defendant's agent on May 2, 2016.

13.     The Deed in Lieu expressly released Plaintiff from any personal liability under the

Note and Mortgage.  Furthermore, Plaintiff was relieved of personal liability under the Note by

operation of law, pursuant to 735 ILCS 5/15-1401.

## ii. Post-Resolution Actions by Defendant

14.     On June 8, 2016, the Plaintiff received a letter from the Defendant indicating that the Plaintiff was charged for force-placed hazard insurance through June 3, 2016, notwithstanding the fact that the loan had been settled on April 27, 2016.  (*See* Letter, attached hereto as Exhibit B).

15.     On October 7, 2016, approximately five months after the subject account was settled, Defendant directed an insurance agency to bind hazard insurance on the Property. Plaintiff was to be charged for the cost of the insurance.  (*See* Letter, attached hereto as Exhibit C).

16.     On or about September 30, 2016, Defendant sent to Plaintiff an escrow account change notice, indicating that the account was still active, what the new escrow payment would be, and that "the full balance of the loan is due".  (*See* Letter, attached hereto as Exhibit D).

17.     On January 6, 2017, Plaintiff sent to Defendant, through Defendant's agent, a demand that the foreclosure case (which was still pending) be dismissed within 14 days, and further demanding that the account be turned off, since it was obviously still active based on the correspondence received in Par. 14-16 above.

18.     On February 21, 2017, having received no response to his January 6, 2017 demand, Plaintiff filed a motion to dismiss the foreclosure case.

19.     On March 16, 2017, almost a year after the account had been settled, the foreclosure case was dismissed, and Defendant ordered to pay the Plaintiff's fees associated with being forced to bring the motion to dismiss the case.

20.     From May 2, 2016 to August 13, 2017, Defendant was reporting to the credit reporting agencies that the Plaintiff's account as open, payment as 120+ days late, and an account

balance of $202,038.00.

21.     On July 17, 2017, Plaintiff sent another demand to the Defendant that the account be properly reported as closed, retroactive to May 2, 2016, and that Plaintiff be provided with credit monitoring and payment of attorneys fees.

22.     On August 16, 2017, in response to Plaintiff's July 17, demand, and almost a full year after the account was settled, Defendant sent a letter to Plaintiff that stated "on August 14, 2017 a requested was submitted to the credit reporting agencies to report this loan as closed with a Deed in Lieu".

23.     The inaccurate reporting of Plaintiff's account had significant adverse effects on Plaintiff's credit rating.

24.     As a result, Plaintiff has suffered various types of damages as set forth herein, including, the loss of credit; the loss of time and other frustration and aggravation associated with writing dispute letters; time and money spent on attorneys fees and costs; tracking the status of his disputes; constantly monitoring his credit file; and mental and emotional anxiety, pain, anguish, humiliation, and embarrassment.

## V.     CAUSES OF ACTION

### COUNT I - Violation of the Fair Credit Reporting Act

25.     Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

27.     Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

28.     Defendant violated  15 U.S.C. §1681s-2(a)(1)(A) by providing inaccurate

information to credit reporting agencies.

29.     Defendant violated  15 U.S.C. §1681s-2(a)(2) by failing to correct and update information provided to credit reporting agencies.

30.     Defendant violated  15 U.S.C. §1681s-2(a)(4) by failing to notify credit reporting agencies that Plaintiff's account was settled and closed.

31.     By deviating from the standards established by the banking industry and the FCRA, especially in light of the fact that Defendant had actual knowledge that the account had been settled (and was reminded of same on numerous occasions), Defendant willfully violated its duty as a furnisher to report accurate and complete consumer credit information to the credit reporting agencies.

WHEREFORE, Plaintiff respectfully requests that this Court:

a.     Declare the practices complained herein as unlawful and a violation of the FCRA;

b.     Award Plaintiff actual damages, in the amount of $500,000.00;

c.     Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

d.     Award Plaintiff punitive damages, in an amount to be determined at trial 15 U.S.C. §1681n and 15 U.S.C. §1681o;

e.     Award Plaintiff costs and reasonable attorney fees provided under 15 U.S.C. §1681n and 15 U.S.C. §16810;

f.     Order the deletion of all adverse credit reporting related to the loan; retroactive to May 2, 2016;

g.     Award any other relief as this Court deems just and equitable.

## COUNT II - Violation of the Fair Debt Collection Practices Act

32.     Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

33.     The Deed in Lieu and settlement agreement terminated the Note and Mortgage, and prohibited Defendant from taking any action whatsoever against Plaintiff.

34.     The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

35.     Defendant violated §1692(e)(2) when it stated the Plaintiff would be required to pay for insurance on the settled account.  (Exhibit C).

36.     Defendant violated §1692(e)(2) when it stated the "full balance of the loan is due" after the Deed in Lieu had been executed and transmitted to Defendant.  (Exhibit D).

37.     Further, the Defendant's act of treating the account as active notwithstanding its full knowledge of the settlement and Deed in Lieu was deceptive and prohibited by the FDCPA.

38.     Plaintiff was harmed by Defendant's unfair and deceptive practices.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a)     Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b)     Awarding Plaintiffs statutory damages of $1,000 as prescribed by the FDCPA;

c)     Awarding actual damages, in an amount to be determined at trial but no less than $500,000.00, for the underlying FDCPA violations;

d)     Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e)  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III - Violation of the Illinois Consumer Fraud and Deceptive Practices Act**

39.  Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

40.  Plaintiff meets the ICFDPA definition of "consumer." See 810 ILCS 505/1.

41.  Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts, and by using fraud, deception, and misrepresentation in their attempts to collect a settled debt and otherwise refusing to recognize the account as settled.

42.  Defendant violated 815 ILCS 505/2 when it stated the Plaintiff would be required to pay for insurance on the settled account.  (Exhibit C).

43.  Defendant violated 815 ILCS 505/2 when it stated the "full balance of the loan is due" after the Deed in Lieu had been executed and transmitted to Defendant.  (Exhibit D).

44.  Further, the Defendant's act of treating the account as active notwithstanding its full knowledge of the settlement and Deed in Lieu was deceptive and prohibited by 815 ILCS 505/2 .

45.  Due to the Defendant's deception, the Deed in Lieu and settlement was not recognized by the Defendant for a year, causing Plaintiff damages including but not limited to a decreased credit rating.

46.  The deception and unfair practices complained of occurred in the course of conduct involving trade or commerce, and Plaintiff, to his detriment, relied that the settlement agreement would be honored.

47.  Punitive damages are warranted because Defendant's conduct was outrageous, willful, wanton, and showed reckless disregard for the rights of Plaintiff and consumers in

general.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor as follow

a)      Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b)      Awarding Plaintiff statutory damages;

c)      Awarding actual damages, in an amount to be determined at trial but no less than $500,000.00, for the underlying ICFDPA violations;

d)      Awarding Plaintiffs costs and reasonable attorney fees as provided; and

e)      Awarding any other relief as this Honorable Court deems just and appropriate.


                                        Respectfully submitted,
                                        Justin Henry,


                                        By: _____ /s/ Adham Alaily ___
                                               One of his attorneys

Egan & Alaily LLC
321 N. Clark Street, Suite 1430
Chicago, IL 60654
(312) 253-8640
(312) 253-8660
aalaily@ea-atty.com